Matter of Jeremais v Lincoln Life & Annuity Co. of N.Y. (2022 NY Slip Op 05951)

Matter of Jeremais v Lincoln Life & Annuity Co. of N.Y.

2022 NY Slip Op 05951

Decided on October 25, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 25, 2022

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Mendez, Higgitt, JJ. 

Index No. 152420/20 Appeal No. 16540-16540A Case No. 2021-01300, 2022-00659 

[*1]In the Matter of Harry Jeremais, etc., et al., Petitioners-Appellants,
v
Lincoln Life & Annuity Company of New York, et al., Respondents-Respondents.

Tuttle Yick LLP, New York (Gregory O. Tuttle of counsel), for appellants.
Joseph J. Haspel, Middletown, for respondents.

Order, Supreme Court, New York County (Debra A. James, J.), entered March 15, 2021, which denied the petition seeking a declaration that petitioners are authorized to enter into a transaction to sell or transfer assets of the Maryanna Jeremais Irrevocable Trust, including a life insurance policy issued by respondent Lincoln Life & Annuity Company of New York, declared in favor of intervenor-respondent trustee Abraham Jeremais that petitioners are not authorized to enter into the transaction, and denied petitioners' application for an injunction directing that respondent Lincoln accept their direction to change the beneficiary and owner of the policy, unanimously reversed, on the law, without costs, the declaration vacated, and the matter remanded for consideration of the issues upon full briefing. Appeal from order, same court and Justice, entered February 4, 2022, which denied petitioners' motion to renew, unanimously dismissed, without costs, as moot.
The court should not have summarily determined that the plain language of a January 2018 settlement agreement refutes petitioners' claim that they remain the majority trustees with the power, under the trust agreement and the EPTL, to make a disposition of trust assets, including the life insurance policy at issue here. The matter is remanded for the court's consideration, upon the full briefing of the parties, of the legal and factual issues raised in the petition and in the opposition by intervenor-respondent see CPLR 404 (b). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 25, 2022